## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

IN RE:                                      )
                                            )
ALFREDO CARLOS PAUL GALAZ,                  )          **Bankruptcy Case No. 19-11098-M**
LOIS MAY GALAZ,                             )
                                            )          **Adversary Proceeding**
                                            )          **Case No. 21-01016-M**
                         **Debtors,**       )
_____   )
                                            )
STEVEN W. SOULÉ, Trustee,                   )
                                            )
                         **Plaintiff,**     )
v.                                          )          **Case No. 22-CV-0186-CVE-JFJ**
                                            )
RAUL GALAZ,                                 )
                                            )
                         **Defendant.**     )

## OPINION AND ORDER

Before the Court are defendant's motion to withdraw reference of plaintiff's adversary complaint (Dkt. # 2) and plaintiff's response (Dkt. # 3). On May 27, 2021, plaintiff Steven W. Soulé, trustee of debtors Alfredo Carl Paul Galaz and Lois May Galaz's bankruptcy case, filed an adversary complaint in the United States Bankruptcy Court for the Northern District of Oklahoma. Dkt. # 2, at 6-12. On November 3, 2021, defendant filed the instant motion to withdraw reference from the bankruptcy court to the district court, arguing that "this adversary proceeding involves claims in which [defendant] is entitled to a jury trial." Dkt. # 2, at 1. On April 21, 2022, United States Bankruptcy Judge Terrence L. Michael entered an order determining bankruptcy court jurisdiction, concluding that "this adversary proceeding presents statutorily core matters pursuant to § 157(b)(2)(E) &(H); nonetheless, [the bankruptcy judge] f[ound] that the claims should be treated as non-core claims within the meaning of § 157(c)." Dkt. # 4, at 2. On April 22, 2022, this matter was transferred to the United States District Court for the Northern District of Oklahoma.

## I.

On May 28, 2019, debtors Alfredo and Lois Galaz filed a voluntary petition for relief under Chapter 7 of the bankruptcy code (title 11). Dkt. # 4, at 3. Mr. Soulé was the "duly appointed and acting Chapter 7 trustee of the bankruptcy estate." Id. The bankruptcy case was closed on September 19, 2019; however, in response to Mr. Soulé's request, the bankruptcy court reopened the case on March 24, 2020, and Mr. Soulé was reappointed as acting trustee. Id. On May 27, 2021, trustee filed the adversary proceeding that is the subject of this motion. Id. The adversary proceeding "arises out of a $150,000.00 'loan' that the [d]ebtors concealed from the creditors by failing to disclose such transfer and indebtedness in the Bankruptcy Schedules, Statement of Financial Affairs or Amended Statement of Financial Affairs." Dkt. # 3, at 1-2. Trustee "seeks to avoid an alleged pre-petition fraudulent transfer"-- that is, the loan--"to [defendant] Raul, son of [d]ebtor Alfredo Galaz, pursuant to [11 U.S.C.] § 544 and title 24, sections 116, 119, and 120 of the Oklahoma Statutes"; and "to recover the transfer under [11 U.S.C.] § 550(a). In the alternative, [t]rustee seeks turnover of the funds as an alleged debt as property of the estate pursuant to [11 U.S.C.] § 542(b)." Dkt. # 4, at 3-4. On November 3, 2021, defendant Raul Galaz filed the instant motion to withdraw reference from the bankruptcy court to the district court (Dkt. # 2), "which includes a demand for [a] jury trial as well as a statement that Raul [Galaz] does not consent to the conduct of such trial by [the bankruptcy court]." Id. at 4.

## II.

With certain exceptions, "the district courts shall have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). "Congress has divided bankruptcy proceedings into three categories: those that arise under title 11; those that arise in a title 11 case; and those that are

related to a case under title 11." Stern v. Marshall, 564 U.S. 462, 473 (2011) (internal quotations and alterations omitted).  Under 28 U.S.C. § 157(b)(2), "[c]ore proceedings include, but are not limited to . . . (E) orders to turn over property of the estate"; and "(H) proceedings to determine, avoid, or recover fraudulent conveyances[.]" Accordingly, the Stern Court acknowledged that "bankruptcy courts may hear and enter final judgments in core proceedings in a bankruptcy case. Stern, 564 U.S. at 471.  In noncore proceedings, the bankruptcy courts instead submit proposed findings of fact and conclusions of law to the district court, for that court's review and issuance of final judgment."  Notwithstanding, the Stern Court "made clear that some claims labeled by Congress as 'core' may not be adjudicated by a bankruptcy court in the manner designated by § 157(b)." Exec. Benefits Ins. Agency v. Arkison, 573 U.S. 25, 35 (2014).  "[T]hat is, [certain] proceedings that are defined as 'core' under § 157(b) but may not, as a constitutional matter, be adjudicated as such (at least in the absence of consent[)]." Id.  In Stern, the Supreme Court found that it is unconstitutional for a bankruptcy judge--who is not an Article III judge authorized to exercise the judicial power of the United States--to "purport[] to resolve and enter final judgment on a state common law claim[.]" Stern, 564 U.S. at 487.  Consequently, such Stern claims, which are core under § 157(b), but "may not be adjudicated to final judgment by a bankruptcy court, as in a typical core proceeding[,]" should be treated as non-core claims under 28 U.S.C. § 157(c). Arkison, 573 U.S. at 36-37.

Pursuant to § 157(c), "a bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11.  In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court"; and "any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed

3

findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c).  Further, under 28 U.S.C. § 157(d), a district court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  Section 157 is interpreted narrowly and it is not intended to be an "escape hatch" from bankruptcy court.  See In re Lenard, 124 B.R. 101, 102 (D. Colo. 1991).  Under N.D. Okla. LCvR 84.1, a party seeking withdrawal of a reference must file a motion with the bankruptcy court, and the bankruptcy judge shall enter an order determining whether the proceeding "is a core proceeding or a proceeding that is otherwise related to a case under Title 11."

### III.

Defendant argues that the Court should withdraw the adversary proceeding from the bankruptcy court because 1) defendant has a right to a jury trial; 2) the fraudulent transfer claims (counts 1 and 2) and the turnover claim (count 3) "are brought under Oklahoma state statutes"; 3) the turnover claim (count 3) is not a core proceeding; and 4) defendant does not consent to the bankruptcy court conducting a jury trial. Dkt. # 2, at 3.  Specifically, defendant argues that, pursuant to § 157(d), the Court may withdraw the claim "for cause shown."  Id.  Defendant further agues that part of the Court's consideration to determine whether cause exists includes 1) the fact that defendant is entitled to a jury trial on the fraudulent conveyance claims (counts 1 and 2); and 2) "it would be an efficient use of judicial economy for the reference to be withdrawn and the claims litigated in [d]istrict [c]ourt where a jury trial may be conducted."  Id. at 4-5.

Plaintiff responds that he "does not dispute that the [d]efendant is entitled to a jury trial on certain of [t]rustee's claims, [but] he submits that declining to withdraw the reference of this

4

[a]dversary [p]roceeding at this early stage would best serve judicial economy." Dkt. # 3, at 2. Trustee further responds that "[e]ven if cause exists to withdraw the reference, [as here,] as a matter of judicial economy and to avoid confusion, the district court may deny the motion for withdrawal of the reference until such time as the matter is ready for trial." Id. at 5 (citing In re Stansbury Poplar Place, Inc., 13 F.3d 122, 128 (4th Cir. 1993)).

This case falls under § 157(d)'s "permissive withdrawal" clause, because the adversary proceeding involves state law claims. See 28 U.S.C. § 157(d) ("[t]he district court may withdraw, in whole or in part, any case or proceeding . . . for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce") (emphasis added); see also Dkt. # 2, at 6 (adversary complaint). "In determining whether cause exists for permissive withdrawal, the court first examines whether the matter is core or non-core." 9 Collier on Bankruptcy ¶ 5011.01[1][b][I] (16th ed. 2021). "After the court makes this determination, it will examine numerous factors, including whether withdrawal (1) will promote uniformity of bankruptcy administration"; "(2) will reduce forum shopping and confusion"; "(3) will foster the economical use of debtors' and creditors' resources"; "(4) will expedite the bankruptcy process"; "and (5) whether a right to jury trial, triable only in the district court, exists." Id.

All three claims alleged in the adversary proceeding--fraudulent transfer avoidance (count 1), fraudulent transfer recovery (count 2), and turnover of property (count 3)--fit squarely within § 157(b)'s list of core proceedings. See 28 U.S.C. § 157(b)(2)(E) and (H). Notwithstanding, the fraudulent transfer claims (counts 1 and 2) are Stern claims, 564 U.S. at 487, that is, state common

law claims that a bankruptcy judge may not adjudicate to <u>final</u> judgment.  Thus, the fraudulent transfer claims (counts 1 and 2) may not be treated as "core"; however, because "fraudulent conveyance claims are self-evidently related to a case under title 11 . . . [they] fit comfortably within the category of claims governed by § 157(c)(1), [and] the [b]ankruptcy [c]ourt [is] permitted to . . . submit proposed findings of fact and conclusions of law to the [d]istrict [c]ourt to be reviewed *de novo*."  <u>Arkison</u>, 573 U.S. at 38.

Moreover, in his order determining bankruptcy court jurisdiction (Dkt. # 4), the bankruptcy judge found that, as to plaintiff's turnover of property claim (count 3), "[p]recedents of the Supreme Court and this [c]ircuit tell us that a defendant's right to an Article III forum must be protected in such circumstances."  Dkt. # 4, at 10 (citing <u>Stern</u>, 564 U.S. at 462; <u>In re Renewable Energy Dev. Corp.</u>, 792 F.3d 1274, 1274 (10th Cir. 2015)).  The Court agrees.  Specifically, the Tenth Circuit has found that claims that implicate private rights--i.e., "common law rights affecting personal life, liberty, or property"-- are not "amenable to a final resolution in bankruptcy court."  <u>In re Renewable Energy Dev. Corp.</u>, 792 F.3d at 1279-80.  Here, plaintiff's turnover of property claim (count 3) implicates the possibility that defendant owes a debt to the bankruptcy estate, which he may be compelled to pay.  Therefore, the turnover of property claim involves a private rights dispute that is not amenable to a <u>final</u> resolution in bankruptcy court.

The next step in the permissive withdrawal analysis is considering several factors, including: 1) promoting uniformity of bankruptcy administration; 2) reducing forum shopping and confusion; 3) judicial economy; 4) defendant's right to a jury trial, and so forth.  "The decision whether or not to withdraw the referral <u>immediately</u> is frequently a pragmatic question of efficient case administration than a strictly legal question."  <u>In re Stansbury Poplar Place, Inc.</u>, 13 F.3d at 128

(internal quotations omitted) (emphasis added).   Accordingly, the Court finds that, although defendant is entitled to <u>final</u> adjudication on plaintiff's claims in the district court, the above factors weigh heavily in favor of permitting the adversary proceeding to remain in bankruptcy court for all pretrial matters and dispositive motions.

For the first factor, promoting uniformity of bankruptcy administration, the bankruptcy court has expertise in matters arising under, arising in, or related to title 11.   Additionally, the bankruptcy court oversaw the debtors' predecessor case, <u>see</u> Dkt. # 4, at 3, and has been presiding over the instant case for more than a year, including ruling on defendant's motion to dismiss.   For the second factor, reducing forum shopping, the Court notes that it was only after the bankruptcy court denied defendant's motion to dismiss that defendant filed the instant motion to withdraw reference.   Dkt. # 3, at 8.   For the third factor, promoting judicial economy, the COVID-19 pandemic and the Supreme Court's decision in <u>McGirt v. Oklahoma</u>, 140 S. Ct. 2452 (2020), has significantly increased this Court's criminal case docket, which has been prioritized pursuant to the Court's obligations under the Speedy Trial Act, 18 U.S.C. § 3161 <u>et seq.</u>   In other words, administration of this bankruptcy proceeding in district court would likely result in delays relative to its administration in bankruptcy court.   In sum, allowing the adversary proceeding to remain in bankruptcy court during the pretrial stage 1) advances bankruptcy administration uniformity; 2) discourages forum shopping; 3) promotes judicial economy by "limiting the bulk of the action to a single forum" and "facilitates the efficient administration of the debtors' estate."   <u>In re Ausburn</u>, No. 8:10-cv-2601-T-23, 2010 WL 5128332, at *1, *2 (M.D. Fla. Dec. 10, 2010).

Consequently, the bankruptcy court may conduct all pretrial matters, such as: supervising discovery, holding pretrial conferences, and ruling on any pretrial motions, which does not run afoul

7

of defendant's constitutional right to final adjudication of plaintiff's claims by a district court.  Thus, the Court finds that defendant's motion to withdraw reference of plaintiff's adversary complaint (Dkt. # 2) should be denied without prejudice.

**IT IS THEREFORE ORDERED** that defendant's motion to withdraw reference of plaintiff's adversary complaint (Dkt. # 2) is **denied without prejudice**.  Defendant is free to renew his motion to withdraw reference from the bankruptcy court to the district court upon conclusion of all pretrial matters.  This is a final order terminating this Civil Case No. 22-CV-0186-CVE-JFJ.

**DATED** this 2nd day of June, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE